# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-0969
════════════

THE MANSIONS IN THE FOREST, L.P., AND THE ESTATES–WOODLAND, L.P.,
PETITIONERS,

v.

MONTGOMERY COUNTY, TEXAS,
RESPONDENT

═══════════════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════════════════

**PER CURIAM**

In this case, we consider whether the lack of a jurat—a clause stating that a writing was sworn to before an authorized officer—in an affidavit opposing a motion for summary judgment is a defect that must have been objected to before the trial court ruled on the motion in order to preserve error. The court of appeals held that omission of a jurat was a substantive defect under both the Texas Government Code and Texas Rule of Civil Procedure 166a, and that such a defect could be raised for the first time on appeal. ___ S.W.3d ___, ___ (Tex. App.—Beaumont 2010). We disagree. We hold that neither the Government Code nor Rule 166a requires such an affidavit to contain a jurat. When the record lacks any indication that a purported affidavit was sworn to by the affiant, however, the written statement is not an affidavit under the Government Code, but such a

defect is waived if not raised in the trial court. Accordingly, we reverse the court of appeals' judgment and remand the case to that court for further proceedings.

The Mansions in the Forest, L.P. and The Estates–Woodland, L.P. (collectively, Landowners) own property in Montgomery County, Texas. To widen Farm to Market Road 1488, Montgomery County exercised its eminent–domain power to seize portions of three properties owned by Landowners. To ensure Landowners were properly compensated, the County requested the appointment of special commissioners to assess the fair market value of the seized land and determine the diminution in value of Landowners' remaining property. *See* TEX. PROP. CODE § 21.014.

The commissioners assessed a total sum of $345,215 for the fair market value of Landowners' seized property and any damages caused by its seizure. The County deposited this amount into the court registry, and the trial court issued a writ of possession to the County. Landowners then filed objections to the amount of the award assessed by the commissioners. The County subsequently moved for summary judgment, arguing that Landowners offered no evidence of their damages and, alternatively, that the only competent evidence of their damages was a report by the County's appraiser, valuing the seized property and any damages at $326,215.

In response to the County's motion, Landowners filed a purported affidavit from Matthew Hiles, the vice president of both Mansions and Estates. Hiles asserted that the commissioners should have awarded at least $800,000 for the seized land and the diminution in value of the remaining land. The purported affidavit, however, contained no statement in which Hiles swore to the truth of his testimony. Additionally, the notary's certification stated that Hiles acknowledged, rather than swore

2

to, his statements. The County objected to the affidavit, claiming it was untimely and conclusory. The County did not object to the lack of a jurat in the affidavit.

The trial court sustained the County's objections and excluded Hiles's affidavit. The trial court then granted the County's motion for summary judgment and ordered that Landowners were due compensation of $326,215. Landowners appealed, challenging the exclusion of Hiles's affidavit. On appeal, the County raised two new complaints about defects in the affidavit, including that the affidavit lacked a jurat and was neither sworn to nor given under oath. The court of appeals affirmed the trial court's ruling based on the County's newly-raised-jurat argument, holding that the lack of a jurat was a defect of substance, not of form, and therefore could be raised for the first time on appeal. ___ S.W.3d at ___. Landowners petitioned this Court for review.

The Government Code defines "affidavit" as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE § 312.011(1). That definition contains the "statutory requirements" for an affidavit. *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645 (Tex. 1995). When an affidavit meets the Government Code's requirements, it may be presented as summary judgment evidence if it complies with Texas Rule of Civil Procedure 166a(f).[1] *See* TEX. R. CIV. P. 166a(f); *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978) (stating that Rule 166a(f) "sets forth the procedure for presenting summary judgment evidence by affidavit"). When a written statement does not meet this basic definition, however, it is "no affidavit at all."

---

[1] Until September 1, 1990, Rule 166a(f) was numbered as Rule 166a(e). *See* 53 TEX. B.J. 589, 596 (1990). In this opinion, we refer to both as Rule 166a(f).

*Hardy v. Beaty*, 19 S.W. 778, 779 (Tex. 1892) (holding that a written statement could not be "regarded as an affidavit sufficient in law for any purpose" because it was "not sworn to by any one or before any officer"); *see also Anderson v. Cochran*, 57 S.W. 29, 30 (Tex. 1900) (holding that an unsigned statement lacked an "essential part" of the mandatory affidavit requirements).

A jurat is a certification by an authorized officer, stating that the writing was sworn to before the officer. *Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex. 1970); *see also* BLACK'S LAW DICTIONARY (9th ed. 2009) (defining a jurat as a "certification added to an affidavit . . . stating when and before what authority the affidavit . . . was made," and noting that a jurat typically indicates "that the officer administered an oath or affirmation to the signer, who swore to or affirmed the contents of the document"). While the Government Code requires that an affidavit be sworn to, it does not require a jurat or clause stating that the writing was sworn to before the officer. TEX. GOV'T CODE § 312.011(1); *see Perkins*, 462 S.W.2d at 568 (stating that, while the statutory definition of "affidavit" requires that the affidavit be sworn to, it does not require "an authorized officer [to] attest[] to the oath"). Similarly, Rule 166a(f) does not require that an affidavit used as evidence in a summary judgment proceeding contain an officer's attestation to the affiant's oath. *See* TEX. R. CIV. P. 166a(f); *Perkins*, 462 S.W.2d at 567–68 (holding that "the jurat is an integral part of [Rule 166a(f)] which particularly refers to 'sworn or certified copies . . . referred to in an affidavit'"); *see also Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam) (explaining that Rule 166a(f) requires an affiant to "positively and unqualifiedly represent that the 'facts' disclosed [in an affidavit] are true" (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)). Normally, an affiant includes a jurat to prove that the written statement was made under oath before an authorized

4

officer. When a purported affidavit lacks a jurat, other evidence must show that it was sworn to before an authorized officer and thus satisfies the Government Code's definition of "affidavit."

The purported affidavit in this case, therefore, was not required to contain a jurat to meet the requirements of the Government Code or to satisfy Rule 166a. *See* TEX. GOV'T CODE § 312.011(1); TEX. R. CIV. P. 166a(f). To meet the Government Code's requirements, however, the record must contain some evidence that the purported affidavit was sworn to by Hiles before an authorized officer. Here, the record lacks any indication that the purported affidavit was ever sworn to by Hiles. Accordingly, the written statement does not meet the requirements of the Government Code and is not an affidavit. *See Perkins*, 462 S.W.2d at 568; *Hardy*, 19 S.W. at 779; *see also* TEX. GOV'T CODE § 312.011(1). We next consider whether this defect was properly preserved for appeal.

Generally, to preserve a complaint for appellate review: (1) a party must complain to the trial court by a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a). In certain limited circumstances, we have explicitly allowed parties to deviate from this rule. *See, e.g.*, *Perkins*, 462 S.W.2d at 568 (addressing an unverified copy of a promissory note offered as summary judgment evidence, which was complained about for the first time on appeal). However, we have never held that an affidavit's alleged failure under Texas Government Code section 312.011 is excepted from the general rules of error preservation. When a purported affidavit lacks a jurat and a litigant fails to provide extrinsic evidence to show that it was sworn to before an authorized officer, the opposing party must object to this error, thereby giving the litigant a chance to correct the error. The County did not complain

5

that Hiles's purported affidavit was unsworn until its responsive brief in the court of appeals. Accordingly, the County waived this issue at the trial court, and it cannot be considered on appeal.

There are "important prudential considerations" behind our rules on preserving error. *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). First, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal. *Id.* Second, judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error. *Id.* ("Not only do the parties have the opportunity to develop and refine their arguments, but we have the benefit of other judicial review to focus and further analyze the questions at issue."). Third, a party "should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." *Id.* (quoting *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam)). For these reasons, to preserve this issue for appeal, the County needed to present its complaint to the trial court.

We recognize that other courts of appeals have similarly extended *Perkins* to contexts other than affidavits offered to verify copies of documents, holding that absence of a jurat is a defect of substance and allowing the issue of a potentially unsworn affidavit to first be raised on appeal. *See, e.g.*, *Laman v. Big Spring State Hosp.*, 970 S.W.2d 670, 672 (Tex. App.—Eastland 1998, pet. denied); *Clendennen v. Williams*, 896 S.W.2d 257, 260 (Tex. App.—Texarkana 1995, no writ); *Tucker v. Atl. Richfield Co.*, 787 S.W.2d 555, 557 (Tex. App.—Corpus Christi 1990, writ denied); *Elam v. Yale Clinic*, 783 S.W.2d 638, 643 (Tex. App.—Houston [14th Dist.] 1989, no writ); *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex. App.—Houston [1st Dist.] 1987, no writ);

6

*Sturm Jewelry, Inc. v. First Nat'l Bank*, 593 S.W.2d 813, 814 (Tex. Civ. App.—Waco 1980, no writ). Additionally, some courts have held that a written statement is not an affidavit solely because it lacks the formality of a jurat. *See, e.g.*, *Gonzalez v. Grimm*, 353 S.W.3d 270, 274 (Tex. App.—El Paso 2011, no pet.); *Medford v. Medford*, 68 S.W.3d 242, 247 (Tex. App.—Ft. Worth 2002, no pet.). To the extent any such opinions are inconsistent with our holding today, they are disapproved.

In sum, we hold that neither the Government Code nor Rule 166a(f) requires an affidavit to contain a jurat. Because the record lacks any indication that the purported Hiles affidavit was sworn to by the affiant, however, it does not meet the definition of "affidavit" under Texas Government Code section 312.011. We further hold that the general rules of error preservation apply in this situation, and because the County did not complain in the trial court about the purported affidavit's failure to satisfy the requirements of the Texas Government Code, the issue was not preserved for appeal. Accordingly, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to that court for further proceedings. *See* TEX. R. APP. P. 59.1.

OPINION DELIVERED:   April 20, 2012

7